IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:21-cv-00529-M

KRISTEN BAREFOOT,  )
       )
   Plaintiff,  )
       )
v.  )       ORDER
       )
KILOLO KIJAKAZI,  )
Acting Commissioner of Social Security,  )
       )
   Defendant.  )
       )

These matters come before the court on the Plaintiff's motion for judgment on the pleadings [DE 17] and Defendant's motion for judgment on the pleadings [DE 20]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R"), recommending that the court deny Plaintiff's motion, grant Defendant's motion, and affirm the Commissioner's decision. DE 22.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

On January 16, 2023, Plaintiff filed an objection to the M&R, challenging Judge Swank's finding that the Administrative Law Judge ("ALJ") did not err in explaining his rationale for not fully crediting the opinion of Plaintiff's treating provider. *See* DE 23. Plaintiff asserts that Judge Swank incorrectly states (1) Plaintiff asks the court to reweigh the evidence, but "the ALJ failed to properly explain how he weighed the evidence in the first place, as explained in Plaintiff's brief"; (2) Plaintiff "cites no evidence in Dr. Williams' treatment notes that is materially inconsistent with the ALJ's assessment that his opinion is inconsistent with his treatment notes" since Plaintiff, in fact, cited several documents in the record in her brief; (3) "the ALJ's RFC assessment includes a narrative discussion describing how the evidence supports his conclusion and is supported by substantial evidence." *Id.*

Importantly, as Plaintiff concedes, these arguments were presented to the Magistrate Judge in Plaintiff's brief, and it is clear Judge Swank considered Plaintiff's arguments and the cited record. *Compare* DE 22 at 12-13 *with* DE 23 at 2 *and* DE 18 at 17-22. Plaintiff's objection in this respect is simply a stated disagreement with Judge Swank's recommended resolution, supported by a summary of Plaintiff's previous arguments that were considered in the M&R. *See Heath v. Kijakazi*, No. 320CV00553FDWDSC, 2022 WL 885764, at *3 (W.D.N.C. Mar. 25, 2022). "Because Plaintiff has failed to direct the [c]ourt to a specific error in the Magistrate [Judge]'s finding that the ALJ's RFC is supported by substantial evidence, the [c]ourt reviews that portion of the M&R for clear error." *Id.* (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Yates-Haynes v. Saul*, No. 5:19-CV-01563-JMC, 2020 WL 5640534, at *3 (D.S.C. Sept. 22, 2020) ("'An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.' Thus, a de novo review is unnecessary for a district court to

2

undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report.") (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) and citing *Orpiano*, 687 F.2d at 47).

Plaintiff does not object to any other portion of the M&R. Upon careful review of the M&R and the entire record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Plaintiff's motion for judgment on the pleadings [DE 17] is DENIED, Defendant's motion for judgment on the pleadings [DE 20] is GRANTED, and the Commissioner's decision is AFFIRMED. The Clerk of Court is directed to close this case.

SO ORDERED this 31st day of March, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE